## LOUIS W. WALLACK
*vs.*
## WALLACK BROTHERS, INC.

Superior Court      New Haven County      File No. 57512

## MEMORANDUM FILED NOVEMBER 14, 1939.

*Samuel M. Silver,* of New Haven, for the Plaintiff.

*Louis Evans,* of New Haven, for the Defendant.

FOSTER, J. The temporary receiver finds in the estate numerous accounts receivable which have been assigned to Fuller-Sherman, Inc., by a written instrument of assignment.

The receiver claims that these receivables were assigned as security for a loan made to Wallack Brothers, Inc., by Fuller-Sherman, Inc. Fuller-Sherman, Inc., claims that it made an outright purchase of these receivables and is now the owner of them.

No promissory note was executed and delivered by Wallack Brothers, Inc., but an instrument (Exhibit A) was executed by both parties. Whether or not the transaction was a secured loan or a sale depends upon the construction to be placed upon this instrument. The instrument is in the form of a letter from Fuller-Sherman, Inc., to Wallack Brothers, Inc. We note the word "purchase." In the next paragraph, however, we note that "for our services in supervising the collection of your accounts we will charge you a factoring commission of two per cent on the net value of the sales." The service was to be rendered by Fuller-Sherman, Inc., for supervising collection of accounts of Wallack Brothers, Inc. Next we observe that interest at six per cent per annum is to be charged. Why interest, if the receivables were actually purchased? Wallack Brothers is to make the collection of the receivables.

I find that the assignment of the receivables was made as security for a loan and was not a sale of the receivables.

The claim is made by the receiver that the loan was invalid by reason of the statute relative to usury, and that therefore the assignment is invalid. Fuller-Sherman, Inc., claims that the contract (Exhibit A) is governed by the laws of the State of New York and is therefore not subject to any Connecticut law of usury.

These latter questions are prematurely made. The court has not yet entered judgment appointing a permanent receiver; no

time has been limited for the presentation of claims; Fuller-Sherman, Inc., has not presented any claim which may form the basis for any such findings.

The receiver represents not only Wallack Brothers, Inc., but all claimants against Wallack Brothers, Inc. Fuller-Sherman, Inc., in presenting a claim against Wallack Brothers, Inc., may claim the receivables assigned to it as security for its debt, or it may file a general claim, abandoning its security. What action Fuller-Sherman, Inc., will take is yet undetermined. What action the court may take, if the validity of the claim and the assignment is challenged after being filed, is yet to be determined. It appears that Wallack Brothers, Inc., is solvent.

The temporary receiver and his successor as permanent receiver are advised and directed to collect all bills receivable as they may become due and owing to him as such receiver and the sums so collected to segregate and hold separate from all other assets of the receivership until it shall be determined by the court to whom the same belong.